# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LENTO LAW GROUP, P.C., <br><br> Plaintiff, <br><br> v. <br><br> NICKESHA V. REID a/k/a REID NICKY, <br><br> Defendant. | Hon. _____ <br><br> Civil Action No.: 1:25-cv-02551 <br><br> **AMENDED COMPLAINT AND JURY DEMAND** |

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, LENTO LAW GROUP, P.C., by and through its undersigned attorneys, and by way of Complaint, brings this action for damages and other legal and equitable relief against Defendant, NICKESHA V. REID a.k.a. "REID NICKY," alleging as follows:

## LOCAL CIVIL RULE 10.1 STATEMENT

The mailing addresses of the parties to this action are:

LENTO LAW GROUP, P.C.
1814 East Route 70 - Suite 321
Cherry Hill, NJ 08003
*Plaintiff*

NICKESHA V. REID a.k.a. "REID NICKY"
10658 Biscayne Blvd.,
Jacksonville, FL 32218
*Defendant*

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, on the basis of complete diversity of citizenship, as Plaintiff is incorporated within the State of New Jersey, while Defendant is believed to be a citizen of the State of Florida, and further, Plaintiff alleges damages in excess of $75,000.00, exclusive of costs and interest.

2. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2), as a substantial part of the events giving rise to Plaintiff's claims as complained of herein occurred within this district.

## PARTIES

1. At all times relevant hereto, Plaintiff LENTO LAW GROUP, P.C. is a domestic for-profit corporation duly-incorporated under the laws of the State of New Jersey, with a corporate headquarters and principal business address as above, which operates and does business within the State of New Jersey as a law firm.

2. At all times relevant hereto, Defendant NICKESHA V. REID, also known as "Reid Nicky," "Nicki Reid," and "Nickesha Reid," is an adult individual believed to reside at 10658 Biscayne Blvd, Jacksonville, Florida 32218.

## GENERAL ALLEGATIONS

3. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

4. Lento Law Group, P.C. ("Lento Law") is a nationally recognized law firm providing legal services in various complex legal matters, including civil rights, education law, criminal defense, and employment law.

5. Lento Law operates offices in several jurisdictions, including Michigan, where it has developed a reputation for zealous advocacy and integrity in its representation of clients in politically charged and high-profile cases.

6. Defendant Nickesha Reid (a/k/a "Reid Nicky") is a self-identified political commentator and alleged personal representative of the estate of the late Councilman Eric Mays.

7. In or around early 2025, Defendant began publishing false, scandalous, and defamatory statements targeting Lento Law on public forums, including the Facebook group "Flint Politics."

8. Defendant's statements concerned Lento Law's alleged involvement in misconduct surrounding the death of Councilman Eric Mays and the firm's ongoing representation of various clients in Michigan.

9. For example, in one Facebook post on April 7, 2025, Defendant publicly accused Lento Law of being a "law firm mafia," of employing deceased attorneys, and of concealing information related to Councilman Mays's social media and personal devices. A true and correct screen capture of said post being reproduced below:



10. In that same post, Defendant asserted that Lento Law was a "law brothel house for attorney[s]" and implied that the firm engaged in fraudulent business operations, stating that the firm was "still operating with suspended lawyers" and was attempting to suppress evidence.

11. In the same post, Defendant alleged that Lento Law was responsible for withholding Councilman Mays' personal phone and controlling access to his social media accounts to "hide the corruption inside the law firm mafia."

12. Defendant made these statements publicly, knowing they were false, or with reckless disregard for the truth.

13. These defamatory comments were directed at Lento Law and its attorneys and were made with the specific intent to damage Plaintiff's professional reputation, diminish trust from existing clients, and deter future business relationships.

14. Defendant's false and malicious comments have been seen by numerous third parties, including members of the legal community, Flint-area residents, and prospective clients of Lento Law.

15. As a direct result of Defendant's actions, Lento Law has suffered reputational harm, interference with professional relationships, and actual and prospective economic damages.

## COUNT ONE
## DEFAMATION – LIBEL *PER SE*

16. Plaintiff repeats all of the allegations contained in the Complaint thus far above, and incorporates the same as if fully set forth at length herein.

17. Defendant, as previously stated, deliberately and/or negligently published and/or communicated to third parties false statements about the Plaintiff, both personally and professionally, directly and proximately causing Plaintiff to suffer actual damages.

18. Under New Jersey law, there are four categories of defamatory statements that may be considered defamatory "per se" in that they so clearly sound to the disreputation of the plaintiff that they are actionable on their face.

19. These categories include statements that impute: (1) commission of a crime, (2)

contraction of a loathsome disease, (3) occupational incompetence, or (4) unchastity of a woman. *See*, *Gillon v. Bernstein*, 218 F. Supp. 3d 285, n.14 (D.N.J. 2016); *see also*, *Ward v. Zelikovsky*, 136 N.J. 516, 526 (1994).

20. Among Defendant Reid's defamatory statements published on Facebook were repeated accusations that Plaintiff was involved in foul play surrounding the death of Councilman Eric Mays; that Plaintiff mismanaged and concealed evidence regarding Councilman Mays' estate; and that Plaintiff was a "law firm mafia" and the operator of a "law brothel house for attorney[s]."

21. In one post, Defendant stated: "Councilman Eric Mays' death could be because of FOULPLAY... Any questions should be addressed to JOHN E GROFF from the Lento Law Firm, who had the last conversation with Councilman Mays and was among the first to arrive at the house." A true and correct screen capture of said post being reproduced below:



22. In another, Defendant asserted that Plaintiff was hiding corruption, manipulating Councilman Mays' social media.

23. Defendant further claimed that Plaintiff maintained deceased attorneys on the Lento Law Group website and that the firm had engaged in fraudulent conduct to avoid legal scrutiny.

24. These statements, all made on public platforms, were not only false but imputed criminal activity, professional misconduct, and gross ethical violations upon Plaintiff, constituting defamation per se.

25. The context and pattern of repetition of Defendant's statements, combined with her claims of authority as Councilman Mays's personal representative, create a false factual impression designed to cause reputational harm.

26. As Defendant Reid's statements are defamatory per se, Plaintiff need not prove actual damages. Nonetheless, Plaintiff has suffered actual and prospective damages in that Plaintiff's professional standing, particularly in Michigan and New Jersey, has been impaired; and that current and prospective clients who have seen the offending posts may be dissuaded from retaining Lento Law Group for legal services.

## COUNT TWO
## FALSE LIGHT INVASION OF PRIVACY

27. Plaintiff repeats and incorporates by reference the allegations set forth above.

28. Defendant, as previously stated, deliberately and/or negligently published and/or communicated to third-parties a false statement about the Plaintiff and/or Plaintiff's business and/or services, directly and proximately causing Plaintiff to suffer actual damages.

29. In so posting the false and defamatory statement about Plaintiff, Defendant has, individually and collectively, portrayed Plaintiff in a false light which would be highly offensive to a reasonable person, whom would certainly take issue – as does Plaintiff – to their reputation, credibility, and professionalism being so impugned.

30. In so posting the false and defamatory statement about Plaintiff, Defendant had

knowledge of, or acted in reckless disregard as to, the falsity of the publicized matter and the false light in which Plaintiff would be placed.

31. As a direct and proximate result of the false light defamation inflicted by the Defendant upon Plaintiff, Plaintiff has suffered reputational injury in the conduct of its business, and other actual and prospective damages.

## COUNT THREE
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADAVANTAGE

32. Plaintiff repeats and incorporates by reference the allegations set forth above.

33. Plaintiff does business within the City of Flint, Michigan, and is well-regarded in terms of its professional reputation.

34. Plaintiff has an existing or reasonable expectation of economic benefit or advantage vis-à- vis the legal services Plaintiff provides for Michigan clients already engaged, as well as for prospective clients, whether in Flint, Michigan as a whole, or in any State in which Plaintiff conducts business.

35. Any reasonable individual, including Defendant, would have knowledge of that expectancy – in other words, Defendant knew or should have known that false and potentially defamatory statements which impugn the skill, competency, honesty, reputation, or professionalism of a business – particularly a law firm – can drive potential clients away from such a business.

36. Given Defendant's knowledge, whether actual or constructive, Defendant nonetheless sought to intentionally interfere with, or were negligently indifferent to such with, said expectancy of the Plaintiff by making such false and defamatory statements that could reasonably serve to drive business away from Plaintiff.

37. There is a more than reasonable probability that Plaintiff would have received the

anticipated economic benefit afforded by its good standing the Flint community in the absence of Defendant's false and defamatory posts.

38. Upon information and belief, a significant number of potential customers were, or could have been, turned away from Plaintiff's business as a direct and proximate result of Defendant's false and defamatory post, thus causing Plaintiff to incur damages in the form of lost business.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, LENTO LAW GROUP, P.C., demands judgment against Defendant NICKESHA V. REID also known as "REID NICKY," for an Order of the Court:

A) compelling Defendant to remove her respective Facebook posts and/or comments and all such other online posts, wheresoever located and whensoever made, which similarly concern Plaintiff or Plaintiff's conduct of its business;

B) compelling Defendant to refrain from posting, communicating, or otherwise publishing such other similar statements concerning the Plaintiff in the future;

C) compelling all Defendants to issue a public retraction into the "Flint Politics" Facebook group, apologizing to Plaintiff for so defaming it; and

D) for general, compensatory, and punitive damages, with interest; reasonable attorney's fees and costs of suit, and for such other further relief as the Court may deem equitable and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

                                      Respectfully submitted,

Dated: <u>April 8, 2024</u>           LENTO LAW GROUP, P.C.

_____
LAWRENCE A. KATZ, ESQUIRE
ATTORNEY ID: 027051988
BEOWULF BUILDING
1814 East Route 70 - Suite 321
Cherry Hill, NJ 08003
(T) (856) 652-2000
(F) (856) 375-1010
lakatz@lentolawgroup.com
*Attorney for Plaintiff*