IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LENTO LAW GROUP, P.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 1:25-cv-02551-RMB-SAK |
| | ) |
| V. | ) |
| | ) |
| NICKESHA V. REID, also known as | ) |
| REID NICKY, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISQUALIFY COUNSEL**

Plaintiff Lento Law Group, P.C., by and through undersigned counsel, respectfully submits this Opposition to Defendant Nickesha V. Reid's Motion to Disqualify Counsel. Defendant's Motion seeks the drastic remedy of disqualification based on speculation, collateral allegations, and legally insufficient assertions that do not establish any actual conflict of interest, ethical violation, or basis for disqualification under governing law. Disqualification is an extraordinary measure that is disfavored and granted only upon a clear showing of necessity to preserve the integrity of the proceedings. Defendant's Motion fails to make such a showing and instead attempts to inject unrelated matters and inflammatory accusations into this case. Because Defendant has not demonstrated any conflict or impropriety warranting removal of counsel, the Motion should be denied in its entirety.

**I.     INTRODUCTION.**

Defendant seeks the extraordinary remedy of disqualifying Plaintiff's counsel based not on any actual conflict of interest or ethical violation in this case, but on speculation, collateral

1

grievances, and unrelated allegations concerning third parties. The Motion does not identify any conduct by undersigned counsel that violates the New Jersey Rules of Professional Conduct, nor does it demonstrate that counsel's continued representation threatens the fairness or integrity of these proceedings. Instead, Defendant relies on conjecture and inflammatory assertions to request a drastic remedy that courts grant only in the rarest of circumstances.

Disqualification of counsel is a severe measure that disrupts litigation, deprives a party of chosen representation, and is disfavored absent a clear showing of necessity. Courts in the Third Circuit consistently hold that such relief requires evidence of an actual conflict or a serious risk of trial taint—not mere association, speculation, or dissatisfaction with opposing counsel. Defendant's Motion fails to meet that standard.

At bottom, the Motion is an attempt to shift attention away from the merits of this defamation action by attacking counsel rather than addressing the substance of Plaintiff's claims. Because Defendant has not established any legally cognizable basis for disqualification, and because removal of counsel would be unwarranted and prejudicial, the Motion should be denied in its entirety.

## II.   FACTUAL BACKGROUND.

This action arises from Defendant's publication of allegedly false and defamatory statements concerning Plaintiff Lento Law Group, P.C. Plaintiff filed its Complaint on April 9, 2025, and subsequently filed an Amended Complaint asserting claims for defamation based on Defendant's public social media posts accusing Plaintiff of criminal misconduct, corruption, and involvement in "foul play" surrounding the death of a public official. Defendant filed an Answer and Counterclaim, and the case has proceeded through scheduling conferences and settlement proceedings in the ordinary course.

Undersigned counsel, Lawrence A. Katz, entered an appearance on behalf of Plaintiff and has represented Plaintiff in this matter throughout the litigation. At no time has Defendant identified any direct conflict of interest between Plaintiff and its counsel, nor has Defendant alleged that counsel previously represented Defendant, possesses confidential information belonging to Defendant, or has engaged in conduct in this case that violates any applicable ethical rule. Instead, Defendant's Motion to Disqualify is premised on generalized assertions regarding alleged disciplinary matters involving other individuals and speculative claims that counsel's representation may somehow be "influenced" by a suspended attorney affiliated with Plaintiff.

Defendant does not allege that any suspended attorney has appeared in this action, signed pleadings, directed litigation strategy, or otherwise participated in these proceedings. Nor does Defendant identify any specific act by undersigned counsel in this case that constitutes misconduct or creates a structural conflict under the New Jersey Rules of Professional Conduct. The Motion instead relies on conjecture and collateral allegations unrelated to the conduct of counsel in this litigation. Accordingly, the factual basis for Defendant's request to disqualify counsel consists solely of speculative assertions and unrelated accusations, rather than any concrete showing of conflict, ethical breach, or trial taint in this case.

### III. LEGAL STANDARD.

A motion to disqualify counsel is governed by the Court's inherent authority to supervise the professional conduct of attorneys appearing before it. However, disqualification is considered a drastic and disfavored remedy because it interferes with a party's right to counsel of its choosing and can be used as a tactical device to disrupt litigation. See *United States v. Miller*, 624 F.2d

1198, 1201 (3d Cir. 1980); *In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 161–62 (3d Cir. 1984). Accordingly, courts approach motions to disqualify with caution and require a clear showing that continued representation would violate the applicable Rules of Professional Conduct or otherwise threaten the integrity of the proceedings.

In this District, motions to disqualify are evaluated under the New Jersey Rules of Professional Conduct. See L. Civ. R. 103.1(a). The moving party bears the burden of demonstrating that disqualification is necessary. Mere speculation, conclusory allegations, or dissatisfaction with opposing counsel are insufficient. See *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993). Rather, the movant must establish the existence of an actual conflict of interest or a serious risk of "trial taint"—that is, a likelihood that counsel's continued participation would undermine the fairness of the proceedings. *Corn Derivatives*, 748 F.2d at 161–62.

Because disqualification is an extreme measure, courts will not grant such relief absent compelling evidence that counsel's representation violates a specific ethical rule or materially threatens the administration of justice. Where no actual conflict is shown and no ethical breach is demonstrated, disqualification is unwarranted.

IV.   **ARGUMENT.**

   A. **Defendant Has Not Demonstrated Any Actual Conflict of Interest or Basis for Disqualification.**

Disqualification of counsel is an extraordinary remedy that courts in this Circuit grant only upon a clear and convincing showing that continued representation would violate the applicable Rules of Professional Conduct or create a serious risk of trial taint. See *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980); *In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 161–62

(3d Cir. 1984). Because disqualification interferes with a party's right to counsel of its choice and can be used as a tactical device, courts approach such motions with caution and place the burden squarely on the moving party. Speculation, conclusory allegations, or dissatisfaction with opposing counsel are insufficient. See *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993).

      Defendant has not met that burden. She does not allege that undersigned counsel previously represented her, possesses any confidential information belonging to her, or has undertaken any representation adverse to a former client in violation of RPC 1.9. Nor does she identify any concurrent conflict under RPC 1.7. There is no claim that counsel's loyalty to Plaintiff is divided, that counsel has a personal interest adverse to Plaintiff, or that counsel's professional judgment in this case is impaired. In short, Defendant identifies no actual conflict of interest recognized under the New Jersey Rules of Professional Conduct.

      Instead, Defendant's Motion rests on generalized assertions concerning alleged disciplinary matters involving third parties and speculation that counsel's representation may be "influenced" by a suspended attorney affiliated with Plaintiff. Such conjecture does not establish a conflict or ethical violation. Courts do not disqualify counsel based on association alone, absent evidence that a suspended attorney is directing litigation, appearing in the matter, or otherwise participating in the representation in violation of governing rules. Defendant alleges no such conduct here.

      There is likewise no showing of trial taint. No improper communication, misuse of confidential information, or violation of court rules is alleged. The Motion does not identify any conduct in this case that threatens the fairness or integrity of the proceedings. Without a concrete, rule-based conflict or demonstrated risk to the administration of justice, disqualification is

unwarranted. Accordingly, Defendant has failed to demonstrate any actual conflict of interest or legally cognizable basis for removal of counsel.

### B. Defendant's Motion Is Based on Speculation and Collateral Allegations That Cannot Support Disqualification.

Defendant's Motion relies not on any actual ethical violation in this case, but on speculative assertions and collateral allegations concerning unrelated disciplinary matters and proceedings in other jurisdictions. Such arguments are legally insufficient to warrant disqualification. Courts in this Circuit have made clear that disqualification may not be based on conjecture or the "appearance of impropriety" alone; rather, the moving party must demonstrate a specific violation of an applicable ethical rule or a serious risk of trial taint. *In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 161–62 (3d Cir. 1984); *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980).

District Courts in New Jersey consistently reject motions to disqualify that rest on speculation or generalized allegations. See *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993) (denying disqualification where allegations were "speculative" and unsupported by evidence of an actual conflict); *Carlyle Towers Condo. Ass'n v. Crossland Sav., FSB*, 944 F. Supp. 341, 345 (D.N.J. 1996) (holding that disqualification requires a showing of a "specific identifiable impropriety" and not merely the possibility of conflict). The burden rests squarely on the movant to establish that continued representation will prejudice the fairness of the proceedings. *Corn Derivatives*, 748 F.2d at 161.

Here, Defendant does not allege that undersigned counsel has violated any provision of the New Jersey Rules of Professional Conduct in this matter. She does not contend that counsel previously represented her, possesses her confidential information, or is engaged in concurrent representation creating divided loyalties under RPC 1.7. Nor does she allege that any suspended

6

attorney is appearing in, directing, or participating in this litigation. Instead, Defendant asks the Court to infer impropriety from association alone. Courts have rejected such reasoning. See *Miller*, 624 F.2d at 1201 (noting that disqualification should not be imposed absent a clear showing of necessity); *Primerica*, 822 F. Supp. at 1114.

Moreover, to justify disqualification, the alleged impropriety must create a substantial risk of "trial taint"—that is, a likelihood that counsel's continued participation would undermine the integrity of the judicial process. *Corn Derivatives*, 748 F.2d at 161–62. Defendant identifies no such risk here. There is no allegation of misuse of confidential information, improper communications, divided loyalties, or ethical breach affecting this case. Absent such a showing, disqualification is unwarranted. Because Defendant's Motion is grounded in speculation and collateral matters rather than a concrete, rule-based conflict affecting this litigation, it fails as a matter of law and should be denied.

## V. CONCLUSION.

For the foregoing reasons, Defendant has failed to demonstrate any actual conflict of interest, violation of the New Jersey Rules of Professional Conduct, or risk of trial taint that would justify the extraordinary remedy of disqualification. Her Motion rests on speculation and collateral allegations unrelated to the conduct of counsel in this case and does not meet the heavy burden required under governing Third Circuit and District of New Jersey authority. Accordingly, Defendant's Motion to Disqualify Counsel should be denied in its entirety.

                                                       Respectfully submitted,

Dated: <u>March 2, 2026</u>              LENTO LAW GROUP, P.C.

                                                       *s/ Lawrence A. Katz, Esq.*
                                                       LAWRENCE A. KATZ
                                                       3000 ATRIUM WAY – SUITE 200
                                                       MOUNT LAUREL, NEW JERSEY 08054
                                                       (T) (856) 652-2000
                                                       (F) (856) 375-1010
                                                       Lawrence.Katz@LLGNational.com